ROSALIE E. KREITZ, Admx.

*v.*

CHARLES F. A. BEHRENSMEYER.

*Filed at Springfield April 2, 1894.*

1. COMMON LAW—*adopted in this State.* By chapter 28 of the Revised Statutes the common law of England is declared in force in this State, and the common law of England may be found by reference to the decisions of the common law courts of that country.

2. OFFICER —*compensation as between officers de facto and de jure.* By the common law, and the weight of authority in the United States, a *de jure* officer has a right of action to recover against an officer *de facto*, by reason of the intrusion of the latter into the office, and his receipt of the emoluments thereof. This principle is of a general nature, and applicable to our condition.

3. SAME—*right to fees of office by person contesting election of the incumbent.* The contestant of an election who succeeds after the term of office has expired, will be entitled to the fees or salary received by the incumbent of the office, notwithstanding the contestant may not have qualified and may not have received his commission.

4. OFFICE—*nature of the right to.* While it is true, in this State, that a public office is not a franchise or an incorporeal hereditament, but is a mere public agency, created for the benefit of the State, yet the salary or emoluments annexed to a public office are incident to the right to the office, and not to the mere exercise of its duties or to its occupancy; and whether the compensation of the officer is by fees or a salary, the rule is the same.

5. The purpose of section 10, article 10, of the constitution of 1870, providing that county boards should fix the compensation of county officers, with their necessary clerk hire and other expenses, to be paid, in all cases where fees were provided for, out of the fees collected, was to limit the amount of compensation an officer is to receive to a certain sum, if the fees amounted to that sum, and the residue to be paid into the county treasury.

6. SAME—*fees and salary.* And section 12 of article 10, which provided that all laws fixing fees of certain officers should terminate with the terms of those who might be in office at the first meeting of the General Assembly after the adoption of the constitution, and that the General Assembly should, by general law, uniform in its operation, provide for and regulate the fees of said officers and their successors,

so as to reduce the same to a reasonable compensation for services actually rendered, and classify counties, etc., had for its object the abolition of special acts fixing fees, and aimed to declare a rule of uniformity in fees in the several counties of the several classes, with uniform compensation, within the limited discretion of the various county boards, for services actually rendered by the *de jure* officers in such counties.

7. The purpose of the section of the constitution was not legislative, but a limitation on and requirement for legislation. In providing for legislation looking to a reasonable compensation for the services actually rendered, it was not the aim or object of that section to establish a rule that would allow a mere usurper of an office, actually rendering service, the right to claim and retain the compensation to be fixed as provided by that section.

8. SAME—*title to office—evidence thereof.* The title of one to an office is complete as soon as a majority of the votes are cast for him. The commission is evidence of title, but is not the title. The title is conferred by the votes of the electors. A judgment in favor of one in a proceeding to contest an election, determines his right to the office.

9. The statute requiring the oath of office and bond to be given by or within a specified time, applies only to persons to whom the certificates of election have been given, or who have been declared elected. Where an election has been contested, and the contestant succeeds, the requirement to qualify within a prescribed time does not apply until the termination of the contest.

10. SAME—*right to fees.* However great the hardship may be, the rule of law has long been settled in this State that the *de jure* officer may recover the fees or salary paid to a *de facto* officer, and the rule is not changed by reason of one holding a certificate of election, and entering in good faith, under a mistaken belief of right.

11. LIMITATION—*action to recover fees during contest of election.* Where an election of one as county treasurer is contested, and the contest is not decided until after the expiration of the term of the office, under the Statute of Limitations (chap. 83, sec. 15,) the contestant will have no cause of action to recover the fees and emoluments of the office until the contest is determined, and the Statute of Limitations will not begin to run until a cause of action accrues.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Adams county; the Hon. OSCAR P. BONNEY, Judge, presiding.

Mr. H. S. DAVIS, and Messrs. CARTER, GOVERT & PAPE, for the appellant:

The party holding the certificate of election is entitled to the office, pending a contest of his election. *People* v. *Head,* 25 Ill. 325; *People* v. *Rives,* 27 id. 242.

A refusal to serve would have subjected Kreitz to indictment, and forfeiture of not exceeding $1000. Rev. Stat. chap. 36, sec. 16.

This court would have compelled him to serve. *People* v. *Williams,* 145 Ill. 573.

In *Mayfield* v. *Moore,* 53 Ill. 429, the contestant was commissioned and invested with his official functions during the term, and in suing for his fees proved himself both the *de jure* and *de facto* officer. *Stuhr* v. *Curran,* 43 Am. R. 353.

It will not be contended, we assume, that appellee had any property in the office of county treasurer. It has been so uniformly held in this country that no such property rights exist, that we hardly deem it worth while to cite authorities. Mechem on Public Officers, sec. 464, and cases cited.

A public office is a mere public agency, created for the benefit of the State. It is not an incorporeal hereditament in this country, as in England. It is not a franchise. (*People* v. *Holtz,* 92 Ill, 426; *Graham* v. *People,* 104 id. 321.) It is held neither by grant nor contract. It can not be sold, assigned or incumbered. The term is fixed, "with a view of public utility, and not for the purpose of granting the emoluments during that period to the office holder."

If, then, the office is not the property of the holder of the legal title, and if the fees established by law are not his property, but the property of the county, out of which it must pay a reasonable compensation for necessary services rendered for it, and if there is no privity between the holder of the legal title and the officer *de facto,* upon what legal principle can the right of recovery be based? The salary or compensation itself can neither be sold nor assigned in advance

of its being actually earned. Mechem on Public Officers, sec. 884; *Bliss* v. *Lawrence,* 55 N. Y. 442; *Conner* v. *Mayor,* 5 id. 285; *City of Hoboken* v. *Gear,* 3 Dutch. 365; *Butler* v. *Pennsylvania,* 10 How. 402.

We suppose it will not be claimed that appellee could recover in any event, without affirmative proof that he was ready and willing to render these services, and that he was prevented therefrom by Kreitz. Nor can we believe that it will be contended that such fact can be presumed or taken for granted. It was incumbent on claimant to make this proof. 14 Am. and Eng. Ency. of Law, 795; *Leopold* v. *Salkey,* 89 Ill. 412.

Behrensmeyer could not be fully qualified as county treasurer each year until he had qualified as both treasurer and collector, the two offices, so to speak, being one and inseparable. *Wood* v. *Cook,* 31 Ill. 271; *Kilgore* v. *People,* 76 id. 548; *Broadwell* v. *People,* id. 554; *People* v. *Stewart,* 6 Bradw. 62.

This suit by the appellee for the compensation of the office put in issue his title to the office, and his strict legal rights to its emoluments. He must show that he was legally entitled to act. *People* v. *Weber,* 86 Ill. 283.

The *de jure* officer must have gained possession of the office before he can maintain an action against the *de facto* officer to recover fees collected by the latter. *Mayfield* v. *Moore,* 53 Ill. 429; *Farwell* v. *Adams,* 112 id. 57; *Nichols* v. *McLean,* 101 N. Y. 526.

Messrs. WILLIAM McFADON, W. L. VANDEVENTER, JAMES N. SPRIGG, and G. A. ANDERSON, for the appellee:

The principle is well settled by judicial decision in Illinois, that the *de facto* officer holding an office, and receiving the fees and emoluments thereof, is liable to the *de jure* officer who has been excluded from the benefits of the office to which he is entitled, and an action to recover the fees received lies in favor of the *de jure* officer against the *de facto* officer. *May-*

*field* v. *Moore*, 53 Ill. 431; *Farwell* v. *Adams*, 112 id. 58; *Waterman* v. *Railroad Co.* 139 id. 669.

This holding of the Supreme Court of Illinois is that of the highest courts, substantially, of all the States in the Union. McCrary on Elections, (3d ed.) sec. 332; *Dolan* v. *Mayor*, 68 N. Y. 274; *United States* v. *Addison*, 6 Wall. 291; *Curry* v. *Wright*, 9 Lea, 247; *Glasscock* v. *Lyons*, 20 Ind. 1; *Kessel* v. *Leiser*, 102 N. Y. 114; *Nichols* v. *McLean*, 101 id. 526; *People* v. *Miller*, 24 Mich. 458; *Hunter* v. *Chandler*, 45 Mo. 452; *Dorsey* v. *Smith*, 28 Cal. 21; *Pettit* v. *Rousseau*, 15 La. Ann. 239; *Delahanty* v. *Warner*, 75 Ill. 185; Throop on Public Officers, sec. 522; Mechem on Public Officers, sec. 333, and cases cited.

The salary and emoluments annexed to a public office in a municipality are incident to the title to the office, and not to its exercise or occupation. A party entitled to the office is, therefore, held to be entitled to such salary and emoluments, although he has never actually discharged the duties of the office. *People* v. *Tienan*, 8 Abb. Pr. 359; *People* v. *Hopson*, 1 Denio, 579; *Dolan* v. *Mayor*, 80 N. Y. 192; *People* v. *Smith*, 28 Cal. 21; *Memphis* v. *Woodward*, 12 Heisk. 499; *People* v. *Oulton*, 28 Cal. 44; *Carroll* v. *Seibenthaler*, 37 id. 195; *Beard* v. *Decatur*, 7 Am. and Eng. Corp. Cas. 145; *Philadelphia* v. *Given*, 60 Pa. St. 136; *Glasscock* v. *Lyons*, 20 Ind. 3; *Comstock* v. *Grand Rapids*, 40 Mich. 399; *Stadler* v. *Detroit*, 13 id. 347.

That there is no difference as to the right of appellee to recover, whether the question be treated as being one of salary or fee, is held in *McVeaney* v. *Mayor*, 80 N. Y. 185, and *Beard* v. *Decatur*, 7 Am. and Eng. Corp. Cas. 145.

Actual incumbency, without title to a municipal office, confers no title to the salary of the office. *People* v. *Hopson*, 1 Denio, 579; *People* v. *Van Nostrand*, 46 N. Y. 382; *Mayor* v. *Flagg*, 6 Abb. Pr. 296; *Riddle* v. *Bedford Co.* 7 S. & R. 392; *Prescott* v. *Hayes*, 42 N. H. 56.

Mr. Justice Phillips delivered the opinion of the Court:

At the election in November, A. D. 1886, appellee, John B. Kreitz, and one Dickerman, were candidates for election to the office of county treasurer of Adams county, Illinois, and on the canvass of the returns Kreitz was declared elected by a plurality of fourteen votes, and a certificate being made, a commission was issued to him by the Governor as the duly elected county treasurer of Adams county, whereupon he qualified, and entered upon the discharge of the duties of that office, continuing to occupy the office and discharge its duties until his death, in 1890. Appellee, by proper notice and petition, contested the election of Kreitz, which, after extended litigation, finally resulted in appellee being declared duly elected to the office of county treasurer of Adams county, by the judgment of this court, reported as *Behrensmeyer* v. *Kreitz*, 135 Ill. 591. Kreitz having died before the filing of this opinion, such proceedings were had in this court that the judgment of reversal was entered *nunc pro tunc* as of the 11th day of June, A. D. 1890, which declared Behrensmeyer elected to said office. On the 6th of April, 1892, appellee filed a claim against the estate of John B. Kreitz in the county court of Adams county, seeking to recover the sum of $10,000, for fees and salary received by Kreitz, for Behrensmeyer's use, and interest thereon. On the petition of appellant the venue on this claim so filed was changed from the county court to the circuit court of Adams county, where a trial was had, which resulted in a finding and judgment in favor of appellee, and against appellant, for the sum of $7333, to be paid in due course of administration, as a claim of the seventh class. Appellant prosecuted an appeal from that judgment to the Appellate Court for the Third District, where the judgment was affirmed, and she now brings the record to this court by appeal, and urges that appellee has no cause of action, and asks that this case may be considered as one of first im-

pression, regardless of what was said by this court in *May-field* v. *Moore*, 53 Ill. 428, arguing that that case was decided under the constitution of 1848, and that by the provisions of the constitution of 1870 a different rule must prevail, inasmuch as, by the provisions of the latter, the fees of the office belong to the county, from which a salary is paid for the discharge of the duties of the office, whilst under the former the fees belonged to the officer.

It is conceded that no statute exists in this State declaring the right of a *de jure* officer to recover from a *de facto* officer the salary paid such *de facto* officer who has discharged the duties of the office under a wrongful or a mistaken purpose. There is no legislation on that subject in this State. The right of recovery, if it exists, depends, therefore, on the principles of the common law.

The common law is a system of elementary rules and of general judicial declarations of principles, which are continually expanding with the progress of society, adapting themselves to the gradual changes of trade, commerce, arts, inventions and the exigencies and usages of the country. Judicial decisions of common law courts are the most authoritative evidence of what constitutes the common law. By chapter 28 of Starr & Curtis' Statutes of Illinois the common law of England is declared in force in this State. By reference to the decisions of the common law courts of England the common law of that country is to be found. An examination of the decisions of the courts of that country shows a uniform declaration of the principle that a *de jure* officer has a right of action to recover against an officer *de facto*, by reason of the intrusion of the latter into the office and his receipt of the emoluments thereof. Among others the following opinions of English courts may be referred to as sustaining this right of recovery: *Vaux* v. *Jefferson*, 2 Dyer, 114; *Arris* v. *Stukeley*, 2 Mod. 260; *Lee* v. *Drake*, 2 Salk. 468; *Webb's case*, 8 Rep. 45. By the adoption of the common law of England the

principle announced in these cases was adopted as the law of this State, for the principle is of a general nature and applicable to our condition. On the basis of a sound public policy the principle commends itself, for the reason that one would be less liable to usurp or wrongfully retain a public office, and defeat the will of the people or the appointing power, if no benefit, but a loss, would result from such wrongful retention or usurpation of an office. The question has frequently been before the courts of the different States and of the United States, and the great weight of authority sustains the doctrine of the common law, as shown by the opinions of the judges in different States, and which, in most of the States, are based on the common law, without reference to any statute. The following cases are in point: *United States* v. *Addison,* 6 Wall. 291; *Dolan* v. *Mayor,* 68 N. Y. 274; *Glasscock* v. *Lyons,* 20 Ind. 1; *Douglass* v. *State,* 31 id. 429; *Curry* v. *Wright,* 9 Lea, (Tenn.) 247; *Kessel* v. *Leiser,* 102 N. Y. 114; *Nichols* v. *McLean,* 101 id. 526; *People* v. *Miller,* 24 Mich. 458; *Hunter* v. *Chandler,* 45 Mo. 452; *People* v. *Smith,* 28 Cal. 21; *Petit* v. *Rousseau,* 15 La. Ann. 239. And the only case enunciating a different rule is that of *Stuhr* v. *Curran,* 15 Vroom, 181, where the conclusion was reached by a divided court.

Whilst it is true that in this State a public office is not a franchise or an incorporeal hereditament, but a mere public agency, created for the benefit of the State, yet the salary or emoluments annexed to a public office are incident to the right to the office, and not to the mere exercise of its duties or its occupancy. And whether the compensation of the officer is by fees or a salary, the rule is the same. (*People ex rel.* v. *Smith,* supra; *McVeaney* v. *Mayor,* 80 N. Y. 185; *Comstock* v. *Grand Rapids,* 40 Mich. 397.) Such being the rule, the constitution of 1870 did not change the law in this respect from what it was under the constitution of 1848. The purpose of section 10 of article 10, of the constitution of 1870, providing that county boards should fix the compensation of county officers, with

their necessary clerk hire and other expenses, to be paid, in all cases where fees were provided for, out of the fees collected, was to limit the amount of compensation an officer was to receive to a certain sum, if the fees amounted to that sum, and the residue to be paid into the county treasury; and section 12 of article 10, which provided that all laws fixing fees of certain officers should terminate with the terms of those who might be in office at the first meeting of the General Assembly after the adoption of the constitution, and that the General Assembly should, by general law, uniform in its operation, provide for and regulate the fees of said officers and their successors, so as to reduce the same to a reasonable compensation for services actually rendered, and classify counties, etc., had for its object the abolition of special acts fixing fees, and aimed to declare a rule of uniformity in fees in the several counties of the several classes, with uniform compensation, within the limited discretion of the various county boards, for services actually rendered by the *de jure* officers in such counties. Its purpose was, not legislation, but limitation on and requirement for legislation. In providing for legislation looking to a reasonable compensation for services actually rendered, it was not the aim or object of that section to establish a rule that would allow a mere usurper of an office actually rendering service the right to claim and retain the compensation to be fixed, as provided by that section. The provisions of those sections creating no different rights, so far as a *de jure* officer is concerned, the rule announced by this court in *Mayfield* v. *Moore,* 53 Ill. 431, is as applicable under the present constitution as under the constitution of 1848, and in harmony with the rule of the common law of England as well as with the great weight of authority in this country, and has been followed by this court in more recent adjudications. (*Farwell* v. *Adams,* 112 Ill. 58; *Waterman* v. *Chicago and Iowa Railroad Co.* 139 id. 669.) We adhere to the rule as announced in *Mayfield* v. *Moore.*

It is further insisted that appellee can not recover because he was never fully qualified, not being commissioned by the Governor, and not filing bonds as collector for the years 1888, 1889 and 1890. As was said in *Mayfield* v. *Moore, supra:* "Under the law, so soon as a majority of the votes were cast for appellant at the election held in pursuance to law, he became legally and fully entitled to the office. The title was as complete then as it ever was, and no subsequent act lent the least force to the right to the place. The commission was evidence of title, but not the title. The title was conferred by the people, and the evidence of the right by the law." The contested election was continued through a long period of litigation, and by the final adjudication of a court of competent jurisdiction the appellee's right to the office was determined in his favor. That determination was after the term expired for which he had been elected. His right to recover does not depend upon his possession of a commission—the judgment of the court determined his right. Neither is his right to recover affected by the fact that he failed to give bond as collector for the years 1888, 1889 and 1890, and failed to qualify. The statute requiring the oath of office and bond to be given by or within a specified time, applies only to persons to whom the certificate of election has been given or who has been declared elected. Where an election has been contested, and the contestant is declared elected, the requirement to qualify within a prescribed time does not apply until the termination of the contest. (*Farwell* v. *Adams, supra.*) The law will not require a useless act, and by taking the oath of office and filing bonds as collector for the several years of 1888, 1889 and 1890 no purpose could have been subserved, as the contest was not determined until after the full term had expired. Appellee's right of recovery is therefore not affected by these considerations.

The amount fixed by the county board as salary of the county treasurer is a question of fact, settled by the adjudica-

tion of the circuit and Appellate courts, but it is insisted that as a part of that salary was earned and fees received more than five years before filing the claim in this case, to that amount the Statute of Limitations of five years applies, and bars a recovery to the amount so earned. The concluding clause of section 15, chapter 83, of Starr & Curtis' Statutes of Illinois, provides that actions "shall be commenced within five years next after the cause of action accrued." The cause of action to this plaintiff did not accrue, so that an action could be maintained therefor by him, until his right to the office was determined. The adjudication of the court finding he was lawfully elected, for the first time, entitled him to recover the salary incident to the office. His right then first accrued. The Statute of Limitations barred no part of this claim.

We find no error in the admission or exclusion of evidence, or in holding or refusing to hold propositions submitted to be held as law.

We do not desire to enter on a discussion of the question as to whether it is a hardship on Kreitz or his estate that he should be held to receive no compensation for his services, for however great that hardship may be, the rule of law has been long settled in this State that the *de jure* officer may recover the fees or salary paid to a *de facto* officer. The rule is in accord with a sound public policy. Its tendency is, that there would be less danger or frequency of usurpation or intrusion into an office. Its tendency is to cause greater caution in and purify elections, as one with such danger attendant on illegal voting would abstain from encouraging it. Its tendency is to cause a careful investigation into the right to an office, where a notice of contest is served and petition filed. Public interest is in accord with private right when it is held that one lawfully elected to an office, and deprived of the office by another, may recover the salary or fees attendant on the office. The rule is not changed by reason of one holding a certificate of election

and entering in good faith, under a mistaken belief of right. However much the good faith of one entering, the right exists somewhere, and if the right existed in another, he is an intruder in the office and enters at his peril. As was said in *Mayfield* v. *Moore, supra:* "After the vote was canvassed by the clerk and justice of the peace, appellant promptly gave appellee notice that he would contest the election, and specifically pointed out the grounds. Being thus apprised of the grounds upon which appellant based his claim, the sources of information were open to him to learn the facts, and to have acted upon them. Failing to learn them, or, having done so, not heeding them, he has no reason to complain if he has to respond to the wrong perpetrated on another. He has intruded into appellant's office without right and has received the profits of the office, and, like the person entering into the land of another with a defective title, he must answer for the profits."

We find no error, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*