MOSES KESSEL, Respondent, *v.* ANDREW ZEISER, Appellant.

A person rightfully entitled to an office, who has been ejected therefrom, may, after his reinstatement, recover of the usurper the salary or emoluments of the office received by the latter.

The right to recover is not affected by the fact that the usurper was put in possession of the office under a judgment of the Supreme Court, where such judgment was reversed and final judgment rendered in favor of the rightful incumbent.

The doctrine protecting in certain cases rights acquired under and upon the faith of a judgment, although it is subsequently reversed, is not applicable.

*S. F. C. Co.* v. *Gordon* (2 Abb. [N. S.] 479), *Gray* v. *Brignardello* (1 Wall. [U. S.] 627), distinguished.

(Argued March 4, 1886 ; decided April 13, 1886.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made June 16, 1884, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought to recover of defendant the salary of the office of commissioner of charities of the county of Kings, received by the latter while in possession of that office, the complaint alleging that plaintiff was rightfully entitled to the office and defendant an usurper.

The facts are sufficiently stated in the opinion .

*B. F. Tracy* for appellant.    The judgment of the Supreme Court actually ousted Kessel, and excluded him from the office. (*Mc Veany* v. *Mayor, etc.*, 80 N. Y. 195, 196 ; *Welch* v. *Cook*, 7 How. Pr. 282 ; *People* v. *Conover*, 6 Abb. 220.)    The rendition of official service must precede a right to demand and recover the compensation given by law to the officer. (*Mc Veany* v. *Mayor, etc.*, 80 N. Y. 193, 194 ; *Connor* v. *Mayor, etc.*, 5 id. 285 ; *Smith* v. *Mayor, etc.*, 37 id. 518 ; *Butler* v. *Pennsylvania*, 10 How. [U. S.] 416 ; *Hoboken* v. *Gear*, 3 Dutch. [N. J. Ch.] 278 ; *Dolan* v. *Mayor, etc.*, 68 N. Y. 274.)    The subsequent reversal of the judgment of ouster did not give

Kessel any right to recover, or any property in, the salary to Zeiser for the services rendered by him under that judgment. (*People* v. *Thatcher*, 55 N. Y. 525; 1 Edm. 112, § 34.) The appellant Zeiser having been adjudged by the judgment and decree of a court of competent jurisdiction to have been duly elected, and entitled to the office, was bound to accept the office and discharge its duties. (1 Bish. Crim. Law, §§ 543, 912; 5 Comyn's Dig. 135; *King* v. *Denison*, 2 Kenyon, 259; *King* v. *Woodrow*, 2 T. R. 731; *King* v. *Lowe*, 2 Stra. 920; *King* v. *Bettsworth*, 2 Sho. 75; *King* v. *Burder*, 4 Durn. & E. 778; *King* v. *Poynder*, 2 Dowl. & Ry. 258; *King* v. *Bower*, id. 842; *Bogardus* v. *Trinity Church*, 4 Paige, 198; *City of Brooklyn* v. *Scholes*, 31 Hun, 111; 1 Edm. [2d ed.] 319, § 25.) The appellant Zeiser having been adjudged by a court of competent jurisdiction entitled to the office had a right to enter thereon, and upon taking the official oath, and filing his bond, became *eo instanti* actually invested with the office, and having performed the services thereof, was entitled to the salary. (Code of Procedure, § 437; *Welch* v. *Cook*, 7 How. Pr. 282; *People* v. *Conover*, 6 Abb. 220; *Day* v. *Beach*, 87 N. Y. 61; *Palmer* v. *Foley*, 71 id. 109; *Simpson* v. *Hornbeck*, 3 Lans. 53; *Kissock* v. *Grant*, 34 Barb. 144; *Waldo* v. *Selden*, 4 Week. Dig. 370; *Wood* v. *Peake*, 8 Johns. 69, 71; *Beach* v. *Furman*, 9 id. 229; *Savacool* v. *Boughton*, 5 Wend. 170.) To sustain such an action as this the plaintiff must show title in himself. (*Supervisors of Dutchess Co.* v. *Sisson*, 24 Wend. 387.) This action was not maintainable under the common law. (*Stuhr* v. *Curran*, 15 Vroom [44 N. J.], 181; *Platt* v. *Stout*, 14 Abb. 178; *Dolan* v. *Mayor, etc.*, 63 N.Y. 274; *Terhune* v. *Mayor, etc.*, 88 id. 251; *Nichols* v. *McLean*, 63 How. 448; *People* v. *Pease*, 30 Barb. 591; *People* v. *Thacher*, 55 N. Y. 530; Code of Pro., § 434; *People* v. *Fairchild*, 67 N. Y. 334; *People* v. *Ryder*, 12 id. 433; *People* v. *Perly*, 80 id. 624.) Judgment could have been rendered ousting Kessel from the office without adjudging that Zeiser was entitled thereto. (*People* v. *Thacher*, 55 N. Y. 530; Code of Pro., § 436; 1 Edm. 112, § 34.) On the entry of judgment in the *quo warranto* proceedings, Zeiser was legally entitled

to enter upon the discharge of the duties of the office of charity commissioner. (Code of Pro., § 437; *Welch* v. *Cook,* 7 How. 282; *People* v. *Conover,* 6 Abb. 220.) The judgment of the Supreme Court, made pursuant to the statute, effects a legal transfer of the title of the office from Kessel to Zeiser, making the latter *de jure* while the judgment was in force. (*South Fork C. C.* v. *Gordon,* 2 Abb. [U. S.] 479; *Grey* v. *Brignardello,* 1 Wall. [U. S.] 627.) Zeiser having been adjudged by the judgment and decree of a court of competent jurisdiction to have been duly elected, and entitled to the office, was bound to accept the office and discharge its duties. (1 Edm. [2d ed.] 319, § 25; 1 Bish. Crim. Law, §§ 543, 912; 5 Comyn's Dig. 135; *King* v. *Denison,* 2 Kenyon, 259; *King* v. *Woodrow,* 2 T. R. 731; *King* v. *Lowe,* 2 Stra. 920; *King* v. *Bettsworth,* 2 Sho. 75; *King* v. *Burder,* 4 Durn. & E. 778; *King* v. *Poynder,* 2 Dowl. & Ry. 258; *King* v. *Bower,* id. 842; *Bogardus* v. *Trinity Church,* 4 Paige, 198; *City of Brooklyn* v. *Scholes,* 31 Hun, 111.) A judgment though subsequently reversed for error protects the party, as well as third persons, for all acts done under it. (*Day* v. *Beach,* 87 N. Y. 61; *Palmer* v. *Foley,* 71 id. 109; *Simpson* v. *Hornbeck,* 3 Lans. 53; *Kissock* v. *Grant,* 34 Barb. 144; *Waldo* v. *Selden,* 4 Week. Dig. 370.)

*William B. Hurd, Jr.,* for respondent. An action for money had and received lies to recover the profits of an office by him who has a right to them against him who has received them upon pretense of title. (*Dolan* v. *Mayor, etc.,* 68 N. Y. 274, 279, 280, 282, 283; *Nichols* v. *McLean,* 63 How. 448, 450; affirmed, 32 Hun, 239; *Platt* v. *Stout,* 14 Abb. 178; *Terhune* v. *Mayor, etc.,* 88 N. Y. 247, 251; *Pettit* v. *Rousseau,* 15 La. Ann. 239; *Segur* v. *Crenshaw,* 10 id. 297; *Beyer* v. *Dodsworth,* 6 T. R. [D. & E.] 681, 683; *Lawler* v. *Alton,* 8 Irish R. Com. Law, 160 [1874–5]; *Hunter* v. *Chandler,* 45 Mo. 452; *Douglas* v. *State,* 31 Ind. 429; *Dorsey* v. *Smith,* 28 Cal. 21; *United States* v. *Addison,* 6 Wall. 296; *Auditors of Wayne Co.* v. *Benoit,* 20 Mich. 178; *Howard* v. *Wood,* 2 Lev. 245; *S. C.,* T. Jones' Rep. 126–128;

2 Showers, 24; *Glosbeck* v. *Lyons*, 20 Ind. 1; *People, ex rel. Benoit*, v. *Miller*, 24 Mich. 459; 1 Com. Dig. 287 [ed. 1824]; Bac. Abr., title "Assize"; Viner's Abr., title "Assize," 166; Jacobs' Dic., title "Office"; *Vaux* v. *Jeffernan*, 2 Dyer, 114; *Arris* v. *Stuckley*, 2 Mod. 260; *Lee* v. *Drake*, 2 Salk. 468; *Webb's Case*, 8 T. R. 45; *Green* v. *Hewett*, Peake, 182; 1 Selw. N. P. 81; 2 Chitty on Cont. 948.) The certificate of election obtained by the plaintiff is conclusive upon the defendant as to the right of the former to take office, exercise its powers and perform its duties, and receive its emoluments. (*People, ex rel. Daily*, v. *Livingston*, 80 N. Y. 66, 70; *United States* v. *Addison*, 6 Wall. 296; *Auditors of Wayne* v. *Benoit*, 20 Mich. 176; *Rochester, etc., R. R. Co.* v. *Clark Nat. Bk.*, 60 Barb. 235, 248; *Mayor, etc.*, v. *Flagg*, 6 Abb. 302.) As defendant never received the certificate of election and never impeached or set aside the certificate that plaintiff received, he was not the officer *de jure*. (*Rochester R. R. Co.* v. *Clark Nat. Bk., supra*, 302; *Mayor, etc.*, v. *Flagg, supra*.) As to himself and the plaintiff, the defendant was an usurper. (*Vaux* v. *Jeffernan*, 2 Dyer, 114; *Douglas* v. *State, supra; People* v. *Miller, supra*.) The measure of damages was correct. (*Dolan* v. *Mayor, etc., supra*, 280; *People, ex rel. Swinburne*, v. *Nolan*, 32 Hun, 612; *Douglas* v. *State, supra; People* v. *Miller, supra; United States* v. *Addison, supra*.) The exclusion of an officer *de jure* from his office is a wrong for which an action for the salary will lie. (*Nichols* v. *McLean*, 101 N. Y. 526; *People, ex rel. Swinburne*, v. *Nolan*, id. 539.) The judgment of ouster did not effect a change of title, and could not "until the action had come to an end in a valid and abiding judgment." (*People, ex rel. Daily*, v. *Livingston*, 80 N. Y. 66.)

DANFORTH, J. The case shows that Moses Kessel, the plaintiff, and Andrew Zeiser, the defendant, were in the fall of 1877 rival candidates for the office of commissioner of charities in Kings county. Kessel received the certificate of election, qualified as required by law, and took possession of the office.

In January, 1878, an action in the nature of *quo warranto*, in which Zeiser was joined as relator, was brought against Kessel by the attorney-general, to determine the title to the office. At the Circuit the decision was in favor of Zeiser. Kessel then withdrew from the office, Zeiser qualified, took possession, discharged its duties, and drew its salary for a year and a half. Kessel appealed from that judgment. It was reversed in his favor. Zeiser withdrew and Kessel again took possession. Zeiser appealed to this court, where on the 17th of January, 1882, the appeal was dismissed, and in the Supreme Court final judgment was rendered in favor of Kessel. This action is brought by Kessel to recover from Zeiser the salary received by the latter while discharging the duties of the office, and he has thus far succeeded. The appeal to this court is by Zeiser.

We think the decisions lately made by us in *Nolan's Case* and in *MacLean's Case*, require us to dispose of this appeal in favor of the respondent. In the first, Nolan was in office by virtue of a certificate of election ; in the second, MacLean was in office under an appointment duly made by the mayor of the city of New York. They discharged the duties of their respective offices, but in each of the cases we held, upon a full examination of the questions involved, that the relator, who was rightfully entitled to the office, should also recover from the defendant, as usurper, its salary. The distinction suggested in favor of the present case is more formal than real. Kessel has at all times been rightfully entitled to the office, and the fact that Zeiser was in for a short time under a judgment of the Supreme Court is of no importance, because that judgment was subsequently held to be erroneous, and the final judgment was in favor of Kessel. It was thus established that the judgment in favor of Zeiser was wrong from the beginning and his position no better than the one he occupied when, at the close of the election, Kessel was declared elected, and, receiving the certificate of the canvassers, went into office. (1 R. S. 118, § 17.) The final judgment accords with the adjudication of the board. Zeiser made a false claim, and it would be strange

indeed if he could profit by the temporary error of the courts induced thereby.

The case is not like one where rights acquired at a judicial sale are protected. The court did not appoint to office, nor did the appellant take any thing on the faith of its order. On his invocation the court declared that he was already entitled to the office, and sought to remove the obstruction to its enjoyment. The subsequent reversal shows that declaration to have been a mistaken one — that he had in fact no title, and its effect was to leave the status of his adversary as it was before the action and himself in no better condition than if his claim to office had never been heard or decided by any court. Of course he can claim no advantage by virtue of the erroneous judgment. He took it at his peril. The cases cited by the appellant (*South Fork Canal Co.* v. *Gordon,* 2 Abb. [U. S.] 479; *Gray* v. *Brignardello,* [1 Wall. [U. S.] 627) do not apply. They relate to property rights which have been changed by the enforcement of a judgment, and hold that as to them the purchaser shall be protected, but even then, it is added that "the unsuccessful party in the court below shall be restored by reversal to all things which he lost by the erroneous judgment, if the title to them has not passed by such enforcement, and in such cases he is to have a right of action for a money equivalent." Here it is plain the title to the office did not pass; nor did the right to the emoluments; but if it were otherwise, the defendant would, even in that view, be required to pay the equivalent, and this, as is well settled, is the amount of salary received by him during the time he deprived the plaintiff of it. (*Nolan's Case, supra; MacLean's Case, supra.*)

We think, therefore, the appeal must fail and the judgment be affirmed, with costs.

All concur.

Judgment affirmed.