°　　　J. J. Hussey et al v. Charley Heim.

Delivered November 5, 1897.

**Costs in Quo Warranto Cases.**

Costs are properly awarded against the relator in a proceeding in the nature of quo warranto to assert his right to an office instead of against the State, where the respondent proves successful. Articles 1425, 1438, 1439, Revised Statutes of 1895, construed.

Appeal from Harris. Tried below before Hon. S. H. Brashear.

*Ashe & Spotts,* for appellants.

*Lock McDaniel, A. C. Allen,* and *Edgar Watkins,* for appellee

Williams, Associate Justice.—This was a proceeding in the nature of quo warranto, instituted, with leave of the court, by information signed by the district attorney, based upon a relation of appellant Hussey against appellee Heim, for the purpose of contesting his right to the office of marshal of the city of Houston. In the relation and the information it was alleged that, at an election at which Hussey and Heim were candidates, the former had been in fact elected, but the result had been declared by the proper officers in favor of Heim, and the certificate of election issued to him, and that he had been installed and was in possession of the office. The object of the proceeding was to oust him and install Hussey. The cause, after institution, was prosecuted by Hussey with the aid of private counsel employed by him, the representative of the State taking no part but the signing of the information. So it is stated in the answer of the defendant to the motion referred to below, and as there is no statement of facts we must assume, if necessary to sustain the judgment, that the statement is true.

The case was tried and verdict and judgment were rendered in favor of Heim, that he, and not Hussey, was elected. The court adjudged the costs against Hussey and sureties on a cost bond, which he had been required to give. A motion made by them to reform the judgment as to costs having been overruled, they have appealed, the only question raised being as to the liability of the relator and his sureties for the costs.

The contention of appellants is, that the State and not the relator is the acting party to the proscution, and that the State and not the relator should therefore be responsible for the costs.

Under our statute the State, through its attorney, without any relation, may be the only complaining party. In some other cases it may be true that the State should be regarded as the real party, though the proceeding be based upon the relation of a private person. The proceeding may be used for quite a number of purposes, and it may be that, when it is really prosecuted by the State for its own ends, though the facts upon which it is instituted are furnished by the relation of an individual, the burden

of the costs should be borne by the State and not the relator. As to this it is unnecessary to decide. But the proceeding has been definitely declared by the decisions of the Supreme Court to be a civil action; and actions of the character of the present are treated as being suits for the trial of title to the office between the relator and the respondent, in which the former is the real plaintiff. The relator simply selects this form of proceeding instead of a direct suit for the office and its emoluments. Jennett v. Owens, 63 Texas, 268; State v. Davis, 75 Texas, 426; State v. De Gress, 53 Texas, 396; Bell v. Faulkner, 84 Texas, 189.

The statute regulating these proceedings provides, in substance, that if the decision be against the respondent, the costs shall be adjudged against him in favor of the relator, and he may also be fined. This is simply the re-enactment of like provisions of the statute of Anne, after which our law is said to be modeled. The corresponding provision of the statute of Anne, making the relator responsible for the costs where the decision was against him, is omitted from our statute, and from this it is urged, the intention appears that the relator should not be held responsible. But this does not follow.

The provision allowing the relator to recover costs treats him as the real party, and his liability for costs is regulated by the provisions of the District Court act regulating costs. It was easy for the statute to follow that of Anne in declaring the liability of the respondent; but, in view of the different shapes which the prosecution might take and the different issues which it might present, it was probably thought wiser not to declare an inflexible rule that the relator in all cases should be adjudged to pay the costs, but to leave his liability to be determined under the general provisions on the subject of costs. Those provisions prescribe rules by following which the court can properly adjudge costs in cases where judgments are rendered in favor of respondents.

Article 1425, Revised Statutes, provides that the successful party to a suit shall recover of his adversary all costs expended or incurred therein, except where otherwise provided. When it is ascertained who is the real party, the liability for costs results from this provision. If the State is the real party, it is liable, and if the relator is the real party, he is liable, as the adversary of the respondent. That the relator is the real party and the true adversary, in such proceedings as this, is sufficiently obvious from its nature and purpose, if it had never been decided.

Another provision of the practice act places it within the power of the court, where there is good reason, to adjudge the costs otherwise than is provided in the general rule prescribed in article 1425. Rev. Stats., art. 1438.

These provisions are sufficient for the determination of all questions of this nature, and hence no further enactment on the subject in the quo warranto statute was necessary. As before indicated, the provisions in the latter act, making the respondent liable for costs and for a fine, were probably introduced, in connection with each other, from the English statute.

The present case is one in which we think the costs are properly adjudged against the relator.

From what has been said, we think it follows that, as Hussey was the real plaintiff suing, in this form, for the office claimed by him, security for the costs was properly required of him, and hence that the sureties are liable. Rev. Stats., art. 1439.

*Affirmed.*