PEASE v. STATE ex rel. SUTHERLAND.
(No. 12–2581.)

(Commission of Appeals of Texas, Section A.
Jan. 22, 1919.)

1. COURTS ☞247(1) — COURT OF CIVIL APPEALS—FINAL DECISIONS.

Decision of Court of Civil Appeals affirming decision of trial court decreeing that relator recover the office of mayor is final, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1591, providing that decisions of Courts of Civil Appeals shall be conclusive in cases of contested elections except in certain instances.

2. QUO WARRANTO ☞60—RECOVERY OF SALARY—PLEADING—EVIDENCE.

In a suit in the nature of quo warranto contesting an election and seeking to oust defendant from the office of mayor, pleadings and evidence held insufficient to support a money judgment in favor of relator for salary.

3. EVIDENCE ☞52 — JUDICIAL NOTICE — EFFECT—RECEIPT OF SALARY—PROOF.

In suit in the nature of quo warranto contesting an election and seeking to oust defendant from the office of mayor, judicial knowledge of the act of the Legislature incorporating the city and fixing the salary of the office of mayor would not relieve relator of the burden of proving that defendant collected or received the salary of the office.

4. EVIDENCE ☞54, 83(1) — OFFICIAL ACTS—PRESUMPTION BASED UPON PRESUMPTION.

Presumption that officials do their duty would not supply proof that defendant collected or received salary, in the absence of the further presumption that money with which to pay the salary was available, and such train of presumptions would not be permissible under the rule that one presumption cannot be based upon another.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Quo warranto by the State, on the relation of H. R. Sutherland, against Clark Pease. Judgment for relator was reformed and affirmed by the Court of Civil Appeals (155 S. W. 657), and defendant brings error. Judgment of the Court of Civil Appeals, in so far as it reforms judgment of trial court, reversed and annulled.

Jno. C. Scott, G. R. Scott, and Boone & Pope, all of Corpus Christi, and Cunningham & Birkhead, of San Antonio, for plaintiff in error.

Jno. I. Kleiber, of Brownsville, D. McNeil Turner, of Denver, Colo., and Russell Savage and Pope & Taylor, all of Corpus Christi, for defendant in error.

TAYLOR, J. This is a contested election suit instituted in the form of a quo warranto proceeding in the name of the state, upon the relation of H. R. Sutherland, to oust the respondent, Clark Pease, from the office of mayor of the city of Corpus Christi and recover from him the said office.

The first three paragraphs of the relator's information are as follows:

"Now comes the state of Texas, by the district attorney of the Twenty-Eighth judicial district, on the relation of H. R. Sutherland, leave of the court being first had and obtained, and files this his first-amended original information, amending the original information herein filed on the 3d day of June, A. D. 1911, and by way of such amendment says:

"The state of Texas, by the district attorney of the Twenty-Eighth judicial district, on the relation of H. R. Sutherland, complaining of Clark Pease, defendant, represents: That said relator and the defendant reside in the county of Nueces aforesaid. That at a general municipal election duly held on the 4th day of April, A. D. 1911, in the city of Corpus Christi, Texas, pursuant to the charter of said city, in such cases made and provided, for the election among other officers, of a mayor of said city of Corpus Christi, Texas, to discharge the duties of that office from the 4th day of April, A. D. 1911, for the term of two years, said H. R. Sutherland was duly and lawfully elected to the office of mayor of said city, and by reason of said election he was authorized and entitled to hold and enjoy said office for the term of two years as aforesaid, and to receive the emoluments of said office for said term. That the emoluments of said office would amount to the sum of thirty-six hundred dollars ($3,600.00) during said term and said office is of the reasonable value of thirty-six hundred dollars ($3,600.00).

"That on the 5th day of May, A. D. 1911, the said Clark Pease, illegally and wrongfully claiming said office, usurped and intruded into said office, and has ever since unlawfully and wrongfully held said office, and still unlawfully holds the same, and exercises the powers and performs the duties of said office, and receives all the profits and emoluments and enjoys all the rights and privileges of same."

The body of the information states at length the matters relied on to establish the invalidity of the respondent's election to the office of mayor, and on which the relator bases his claim for its recovery. The information contains no allegation made as a basis for a claim against the respondent for the salary of the office, unless the foregoing reference to the office profits and emoluments and the receipts thereof by the respondent can be construed as such an allegation. The information concludes with the following prayer:

"Wherefore plaintiff prays the court that defendant be cited to appear and answer this petition and for judgment that the defendant is not entitled to the said office herein mentioned; that the relator be adjudged entitled to the office of mayor of said city and its franchises and privileges; that the relator be permitted to qualify for said office within 20 days after final judgment herein, and thereupon to enter upon

the duties of his office; that the defendant be commanded to surrender said office to the relator upon his qualification as aforesaid; and that he have judgment for costs of suit, and for such other and further relief, special and general, in law and in equity, that he may be justly entitled to."

The trial was without the intervention of a jury, and resulted in a judgment for the relator, decreeing that he recover the said office of mayor, that he have a writ of possession and writ of ouster directed to the sheriff, commanding him to oust the respondent from said office and place the relator in possession thereof. The judgment rendered awarded all of the relief sought by the relator in the trial court. The Court of Civil Appeals reformed the judgment of the trial court, and, as reformed, affirmed it so as to give the relator, in addition to the relief given below, a money judgment against the respondent for salary in the sum of $2,241.24. 155 S. W. 657.

The Supreme Court in considering the application for the writ, viewed the controversy, in virtue of the opinion of the Court of Civil Appeals, as dual in its nature and separable, presenting a question arising out of a case of contested election, and a question involving the recovery of the salary of the office. The court, being of the opinion that the judgment of the Court of Civil Appeals is final as it relates to that branch of the case involving the election contest (Ver. Say. Civ. Stat. art. 1591), granted the writ as to that branch of the case only that involves the recovery of salary. The court in granting the writ expressed the opinion "that, in the state of the pleading and evidence, the Court of Civil Appeals erred in rendering a money judgment," and thereafter overruled a motion asking that the writ be set aside. The defendant in error, on submission of the case to the Commission of Appeals, filed another motion requesting that the writ be dismissed for the want of jurisdiction, suggesting that the former motion was passed upon by the Supreme Court before the decision by that court of the case of Cole v. Cobolini, 106 Tex. 472, 170 S. W. 1036. We have ascertained that, while the motion was disposed of before the opinion in the Cobolini Case was written, it was overruled while that case was under consideration, and in the light of the holding later announced in the opinion. Being governed by the action of the Supreme Court in overruling the former motion under the circumstances pointed out, we recommend that the defendant in error's motion to dismiss be overruled.

[1, 2] The judgment of the Court of Civil Appeals being final in so far as it affirms the judgment of the trial court, but does not reform it, the only question necessary to be determined on review is whether the pleadings and evidence are sufficient to support the money judgment for salary rendered by the Court of Civil Appeals. The only allegations contained in the information that relate to that subject are set out above in their entirety. They are general in their nature and apparently formal. The prayer, which is quoted above in full, does not suggest that the relator is seeking such relief. The judgment of the trial court incorporates an adjudication of all the issues before the court, but contains no adjudication upon a salary issue. Nor did the respondent point out by a motion for a new trial that the court had omitted from the decree a determination of that issue. It is apparent from the record that neither the court nor the respondent was apprised by the pleadings, even after the trial of the case, that the relator was seeking to recover a judgment for salary. He was not so notified until the relator, by filing a cross-assignment of error on appeal, suggested that the Trial Court erred in not granting such relief. As the defendant has a substantial right to be confronted with the pleadings of the plaintiff, so framed as to give him reasonable notice of what is designed by them, the Court of Civil Appeals was in error in permitting the relator to give a direction to the case on appeal of which the respondent "was not fairly notified by the pleadings before the trial commenced." Ellis v. Singletary, 45 Tex. 46.

[3, 4] The error pointed out is made more apparent by the absence of any evidence to support the judgment for salary. The Court of Civil Appeals, in sustaining the cross-assignment of error referred to, states there is no evidence pointed out which shows what the salary of the office amounts to. The record warrants the additional statement that there is no evidence of any character showing or tending to show that the respondent collected or received any salary or emolument from the office of mayor during the period covered by the suit. Judicial knowledge of the act of the Legislature incorporating the city of Corpus Christi and fixing the salary of the office of mayor does not relieve the relator of the burden of proving that the respondent collected or received the salary of the office. Nor would the presumption that officials do their duty, if it could be indulged under the facts of this case, supply such proof, in the absence of the further presumption that the money with which to pay the salary was available. Clearly, such a train of presumptions is not permissible under the rule that one presumption cannot be based upon another. Enc. of Evid. vol. 9, p. 880; Mo. Pac. Ry. Co. v. Porter, 73 Tex. 304, 11 S. W. 324.

There being neither a sufficient pleading nor any evidence to support the judgment for salary, we conclude that the judgment of the Court of Civil Appeals, in so far as it reforms the judgment of the trial court by

adding thereto the said award for salary, should be reversed and annulled.

PHILLIPS, C. J. We approve the holding of the Commission of Appeals; and the judgment of the Court of Civil Appeals, in so far as it reformed the judgment of the trial court by adding thereto an award for salary in favor of Sutherland, is reversed, and in respect to the salary issue the cause will be remanded to the district court.