This case has been before the courts of Texas since 1911, being instituted by Sutherland to recover the office of mayor of Corpus Christi from appellant, an office to which the contestant had been elected by the voters of that city. The city commissioners were compelled, by a writ of mandamus from the district court, to issue a certificate of election to Pease. Sutherland then sought by quo warranto to oust appellant from the office and was decided against by the district judge. The cause was appealed to this court, and on April 10, 1912, the judgment was reversed and the cause remanded. 147 S.W. 649. On another trial of the cause Sutherland obtained a judgment ousting Pease from the office, and on an appeal to this court that judgment was affirmed, and, in addition, judgment was rendered against *Page 270 
Pease for the salary attached to the office. 155 S.W. 657. A writ of error was applied for and obtained from the Supreme Court, and on January 22, 1919, that part of the judgment of this court applying to the salary was reversed and the cause remanded to the district court. 208 S.W. 162. Appellant then pleaded limitation to the demand for the salary appropriated by him. The trial court rendered judgment in favor of Sutherland for the full salary, with interest from time appropriated by appellant, amounting in the aggregate to $5,273.24.
The evidence shows without controversy that appellant unlawfully obtained and appropriated to his own use and benefit the salary of the mayor of Corpus Christi, through entering into and holding the office of mayor to which appellee Sutherland had been lawfully elected by the citizens of that city.
The voluminous brief, consisting of 147 printed pages, and containing 64 assignments of error, is used as the medium of presenting really only two points of any material importance, to wit: First, that a suit for salary cannot be joined in a quo warranto proceeding to oust an intruder from an office. Second, that the claim for the salary is barred by limitations of two and four years.
In determining the matter of salary, when this cause was before the Supreme Court, the Commission of Appeals stated:
"The Supreme Court, in considering the application for the writ, viewed the controversy, in virtue of the opinion of the Court of Civil Appeals, as dual in its nature and separable, presenting a question arising out of a case of contested election and a question involving the recovery of the salary of the office. The court, being of the opinion that the judgment of the Court of Civil Appeals is final as it relates to that branch of the case involving the election contest (Ver. Say. Civ. Stat. art. 1591), granted the writ as to that branch of the case only that involves the recovery of salary."
There is no suggestion in the opinion that the claim for the salary was improperly joined with the contest for the office, but there is an implied assent to the proposition that there was no misjoinder of persons or causes of action. The reversal was made because the court decided that the pleadings and evidence did not justify a judgment for the salary. The cause was remanded to the district court for another trial, which no court would have done if the salary could not have been recovered under amended pleadings, supported by facts. The judgment would have been a reversal of the judgment of this court as to the salary and dismissal of the cause. The court, however, by its action undoubtedly recognized the right of the contestant under proper pleadings and sufficient evidence to recover. If it did not recognize the right to join the two demands, a remanding to the district court would have been inexcusable, and would not have met, as it did, with the approval of the Supreme Court.
The joinder of the state in actions of this character is a technicality, handed down from the common law. This suit was brought, as permitted by article 6398, Rev. Stats., by the district attorney, at the instance of Sutherland. The state is merely a nominal party, the real party being the relator. McAllen v. Rhodes, 65 Tex. 348; Cole v. State,163 S.W. 353.
A proceeding under the quo warranto statute is a civil proceeding and governed by the rules applied to other cases. This was held to be the case even while the statute relating to quo warranto proceedings permitted the infliction of a fine by the Supreme Court, and the action to be a civil action and governed by rules relating to civil cases. State v. DeGress, 53 Tex. 387; Hussey v. Heim, 17 Tex. Civ. App. 153,42 S.W. 859. That proposition has never been questioned, and neither can be, for the statute provides that any person or corporation cited in a quo warranto proceeding shall be entitled to all the rights in the trial and investigation of the matters alleged against him, as in cases of trial of civil causes in this state. Article 6401. The Legislature did not contemplate that the right of relator would be other than those in other civil cases, and made no provision as to them, but it must be inferred that the same rules would apply to each side of the controversy. In recognition of this rule the Supreme Court considered a case in which the forfeiture of the charter of a railway company and a decree withdrawing its immunity from taxes were sought, and decided it on its merits. Railway v. State, 75 Tex. 356, 12 S.W. 685.
If the same rules apply to a quo warranto case, as in other civil cases, then the rules as to the joinder of causes of action would apply as in other civil cases. The courts of Texas favor the joinder of all causes of action arising between the same parties in the same right and growing out of the same transaction. Milliken v. Callahan County,69 Tex. 205; Mathonican v. Scott, 87 Tex. 396, 28 S.W. 1063. In the present case, if the relator was entitled to the office of mayor, he was entitled to all the emoluments arising therefrom. The office and the emoluments are inseparably connected, and no kind of reasonable objection can be urged to a joinder of a suit to oust an intruder from an office when claimed by the plaintiff and at the same time pray for the salary unlawfully appropriated by the intruder. If Sutherland was entitled to the office, he was entitled to the salary appertaining that had unlawfully been converted by a usurper to his own use, and there could be no misjoinder of causes, in asking for the office and its emoluments. We hold that there was *Page 271 
no misjoinder of causes of action. There could be no complete settlement of the controversy between the parties until the right to the office and the emoluments were both settled, and all should be settled in one suit. Jones v. Ford, 60 Tex. 127.
The misjoinder complained of at this time was brought directly before the Supreme Court on errors assigned in appellant's application for writ of error. In the second proposition under the first assignment of error in the application it was stated:
"In a quo warranto suit brought by the state to oust an intruder from office, a money judgment cannot be recovered against the intruder for the emoluments of the office by the relator on whose information the state brings the suit."
The proposition was followed by an argument seeking to sustain it. It was not sustained, however, for, if it had been, the cause would never have been returned to the district court for another trial.
In some state jurisdictions damages can be recovered from the usurper in the quo warranto proceeding, and the salary will ordinarily represent the damages. 22 R. C. Law, §§ 43, 44, 45; Osterhous v. Van Duren,168 Mich. 464, 134 N.W. 456, Ann.Cas. 1913C, 1302. In the Michigan case it was held:
"Ordinarily proceedings to try title to a public office cannot be brought after the term has expired, or when it is so nearly expired that the inquiry would be of no effect; but an action commenced during the term of office may be prosecuted to final judgment after the expiration of the term, for the recovery of damages or costs which relator has sustained or incurred by the wrongful assumption of authority."
This seems to be the rule wherever provision is not made in the statute for a separate suit for salary. If the Supreme Court of Texas had not so determined in this case, the term of office having expired, it would have reversed and dismissed the cause.
The suit for the salary was included in the suit for the office, and statutes of limitation have no bearing upon it. It may be, as stated by the Supreme Court, that the claim for the salary was imperfectly stated, but it was stated as conclusively appears from the action of the court in remanding the cause as to salary. If there had not been such statement, the court would necessarily have reversed the judgment of this court and dismissed the proceedings as to the salary. However, if there had been no joinder of the suit for emoluments in the quo warranto proceeding, limitation would not have begun to run until there was a final decision of the cause. That decision was not made until the opinion of the Supreme Court was rendered in January, 1919. The second amended petition was filed on February 20, 1920. Sutherland had no cause of action against Pease for the salary until it was determined that he was entitled to the office, and that was never finally determined until the final judgment of the Supreme Court had been rendered. The whole case went to the Supreme Court, and every part of the judgment of this court was suspended when the writ of error was granted. The judgment of ouster entered by the district court was suspended by the supersedeas bond given by appellant, and that judgment was superseded until the final judgment of the Supreme Court was rendered. The writ of error was granted as to the whole case and not as to part of it. The claim for salary was not barred by limitations. None of the exceptions to the amended petition are meritorious and all of the assignments of error, from the first to the twelfth, inclusive, are overruled.
There was ample competent testimony to support the judgment of the court, and the admission of matters immaterial or without pertinency will not be ground for reversal when the cause was tried by the court without a jury. Railway v. Uribe, 85 Tex. 390, 20 S.W. 153; Railway v. Hume,87 Tex. 220, 27 S.W. 110; Railway v. Mechler, 87 Tex. 628, 30 S.W. 899; Arnold v. Attaway, 89 Tex. 506, 35 S.W. 646. The thirteenth to the twentieth assignments of error, inclusive, are overruled.
There was no error in admitting in evidence the register of warrants of the city of Corpus Christi, showing from time to time the delivery to appellant of warrants for the monthly salary of the mayor together with their payment and cancellation. The authenticity of the register was proved by its custodian. A number of entries in the register were signed by appellant, acknowledging that he had received the warrant for the salary. If all the testimony shown by the register had been illegal, it would not be cause for reversal because appellant admitted that he drew the salary of the mayor, at the rate of $150 per month, during his incumbency of the office of mayor. The assignments of error from the twenty-first to the forty-fifth inclusive, are overruled.
The application for a writ of error and the orders made thereon were admissible in evidence as tending to show that the whole of the case was before the Supreme Court and that there was no final judgment in the case until it was rendered by the Supreme Court. This was material on the question of limitations. The forty-sixth, forty-seventh, and forty-eighth assignments of error are overruled.
The matter of evidence objected to through the forty-ninth to the sixty-third assignments of error, inclusive, could not have influenced the opinion of the court. What the attorneys thought about the assumption of jurisdiction by the Supreme Court of the whole case is fully proved by the record of that court, and the opinions of lawyers, as to the effect granting the writ had on the issues *Page 272 
in the case, did not differ from what the record showed.
The sixty-fourth assignment is so general that it would include every question in the case, both of law and fact. In that assignment it is stated that there was no "competent evidence" that appellant collected the salary pertaining to the office of mayor while he held it. Still, appellant swore:
"I do not remember the dates, but I occupied the office of mayor of the city of Corpus Christi some time about 1911, 1912, and 1913, but I cannot state the dates of the beginning of said term of office. I don't remember when I began drawing the salary as mayor of Corpus Christi, and until what month I so drew and retained the same. During the time I acted as mayor I drew the salary of $150 per month from the city of Corpus Christi."
There was other proof showing when the term began and when it ended. Appellant under the facts got the $3,600 which rightfully belonged to Sutherland.
The judgment is affirmed.