## HOLCOMB v. SPIKES. (No. 2099.)

(Court of Civil Appeals of Texas. Amarillo. March 21, 1923.)

1. Officers ⊜46—De jure officer may recover compensation received by de facto officer wrongfully holding office.

Where a de jure officer has been wrongfully deprived of his office, he may recover of the de facto officer holding the office during the exclusion the fees and emoluments received by him.

2. Officers ⊜46—Sheriff acting as tax collector liable to de jure officer for commissions.

A sheriff who as ex officio collector of taxes has been wrongfully holding the office of tax collector is liable to the de jure incumbent of that office for commissions on taxes collected, and the fact that the commissioner's

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error refused March 28, 1923.

court accepted his bond and allowed him to qualify will not protect him from such liability, nor can he be considered as holding over pending determination of his right to the office, so as to entitle him to retain such commissions.

**3. Officers ⬥⬥46—Statute requiring bond during pendency of election contest held inapplicable.**

Rev. St. arts. 3057–3061, requiring occupants of an office during pendency of a statutory contest of election to that office to furnish bond to secure payment of any judgment rendered in favor of the successful party in the contest, are inapplicable to a case where a sheriff as such has wrongfully claimed to be ex officio tax collector, and wrongfully occupied that office to the exclusion of the de jure officer, or if applicable a release of the occupant of the office from personal liability would not result where neither party gave bond.

Appeal from District Court, Lubbock County; W. R. Spencer, Judge.

Action by S. C. Spikes against C. A. Holcomb. From a judgment for plaintiff, defendant appeals. Affirmed.

Percy Spencer, John R. McGee, D. W. Puckett, and W. H. Bledsoe, all of Lubbock, for appellant.

Vickers & Campbell, of Lubbock, for appellee.

BOYCE, J. At the general election of 1920 S. C. Spikes was elected tax collector of Lubbock county and C. A. Holcomb was elected sheriff. There was a controversy as to whether, under the provisions of article 8, § 16, of the state Constitution, the office of tax collector of said county was, at the time of such election, separate from that of sheriff. Holcomb claimed that, by virtue of his election as sheriff of Lubbock county, he was ex officio collector of taxes therefor. The commissioners' court of the county sustained Holcomb in this contention, and approved his bonds as sheriff and tax collector, refusing to approve good and sufficient bonds tendered by Spikes. Spikes, in a suit brought against Holcomb and the members of the commissioners' court of the county, secured judgment, directing the said commissioners' court to approve his bonds, and ordering Holcomb to vacate the office, which judgment was on appeal affirmed by this court. Holcomb v. Spikes, 232 S. W. 891. After the return of mandate Holcomb delivered the office to Spikes about April 1, 1922. The present appeal is by Holcomb from a judgment of the court below against him in favor of Spikes, for the sum of $5,231.21, being the amount collected by Holcomb as fees and commissions, belonging to the office of tax collector, less compensation paid a deputy collector, during the time Spikes was deprived of the office.

[1] It is the general rule, established by the great weight of authorities, that a de jure officer who has been wrongfully deprived of his office may recover of the de facto officer filling the office during the exclusion the fees and emoluments of the office received by the de facto officer during such time. Albright v. Sandoval, 216 U. S. 331, 30 Sup. Ct. 318, 54 L. Ed. 502; Jones v. Dusman, 246 Pa. 513, 92 Atl. 707, Ann. Cas. 1916D, 472 and notes, 474; 22 R. C. L. p. 545, § 245. This general rule is recognized by the decisions of this state. Pease v. State (Tex. Civ. App.) 155 S. W. 657; Id. (Tex. Com. App.) 208 S. W. 162; Id. (Tex. Civ. App.) 228 S. W. 269. We think this rule is applicable to this case.

[2] The fact that the commissioners' court accepted the bond of Holcomb, allowed him to qualify and occupy the office, and denied Spikes the right to qualify does not protect Holcomb; it was decided in the former case that such action of the commissioners' court was wrongful, so that Holcomb is to be regarded as an intruder in the office from the beginning. Kessel v. Zeiser, 102 N. Y. 114, 6 N. E. 574, 55 Am. Rep. 769; Nichols v. McLean, 101 N. Y. 526, 5 N. E. 347, 54 Am. Rep. 730; 22 R. C. L. 546, note.

Appellant also urges that he is to be regarded as a holdover as the incumbent of the office prior to the elections of 1920, and that, being by law required to perform the duties of the office until a successor was qualified, he ought to be entitled to emoluments thereof. If it be true that as a holdover he would be in position to assert this claim, which we do not decide (see Jackson v. Houser [Tex. Civ. App.] 208 S. W. 186), this would not help the appellant, because he is not a holdover. He presented his bonds and qualified under claim of right to hold the office by virtue of the elections of 1920.

The fact that Spikes' bond had not been approved is not an obstacle to his recovery, he had tendered good bonds, and was prevented from having them approved by the wrong of Holcomb and the commissioners' court. Kreitz v. Behrensmeyer, 149 Ill. 496, 36 N. E. 983, 24 L. R. A. 59.

[3] We do not think that articles 3057 to 3061, R. C. S., which provide, in cases of statutory contest of election for an office, for the making of bond by the occupant of the office in double the amount of the estimated salary and fees of the office in contest for the period of two years to secure payment of any judgment that may be rendered in favor of the successful party in the contest, are applicable to this case; but, even if the articles referred to were applicable, where neither party gave the bond we do not think their effect would be to release the occupant of the office from personal liability to the other party on final ouster.

Affirmed.

KLETT, J., not sitting.