

# NUMBER 13-19-00303-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**EL PISTOLON II, LTD.,**                                        **Appellant,**

**v.**

**LEVINSON ALCOSER ASSOCIATES, L.P.**
**AND LEVINSON ASSOCIATES, INC.,**                      **Appellees.**

---

**On appeal from the 398th District Court
of Hidalgo County, Texas.**

---

# OPINION

**Before Justices Benavides, Hinojosa, and Silva
Opinion by Justice Hinojosa**

Appellant El Pistolón II, Ltd. (El Pistolón) appeals the trial court's summary judgment dismissing its suit against appellees Levinson Alcoser Associates, L.P. and Levinson Associates, Inc. (Levinson). In three issues, which we treat as one, El Pistolón argues that the trial court erred in granting Levinson's motion for summary judgment

because Levinson failed to carry its burden to establish its limitations defense, including its burden to negate the application of any pertinent tolling doctrines. We reverse and remand.

## I. BACKGROUND

El Pistolón hired Levinson to provide architecture design services for a prospective shopping center in McAllen, Texas. El Pistolón later filed three successive lawsuits against Levinson relating to its work on the project. The third suit is the subject of the current appeal.

### A. Prior Suits

El Pistolón first sued Levinson on June 7, 2010, alleging claims for negligence and breach of contract. Levinson moved to dismiss the suit because El Pistolón failed to include a certificate of merit as required by § 150.002 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (requiring that a plaintiff's suit against a licensed architect be accompanied by the affidavit of a third-party licensed architect setting forth, among other things, the negligence or other action, error, or omission forming the basis of the plaintiff's claim). On November 8, 2010, El Pistolón nonsuited its claims and filed a second suit which was accompanied by a certificate of merit. Levinson again filed a motion to dismiss, this time contending that the certificate of merit was deficient because it did not contain a factual basis for El Pistolón's claims and there was no evidence the affiant met the requirements of the statute. *See id*. § 150.002(b). The trial court denied the motion to dismiss on December 5, 2013, and Levinson appealed the interlocutory order to this Court. *See id.* § 150.002(f) ("An order

2

granting or denying a motion for dismissal is immediately appealable as an interlocutory order.").

We issued our decision in the first appeal on February 12, 2015. *Levinson Alcoser Assocs. LP v. El Pistolón II, Ltd*. (*El Pistolón I*), 500 S.W.3d 431 (Tex. App.—Corpus Christi–Edinburg 2015), *rev'd,* 513 S.W.3d 487 (Tex. 2017). We affirmed the trial court's denial of the motion to dismiss as to El Pistolón's negligence claim. *Id*. at 438. However, we reversed the trial court with respect to the breach-of-contract claim, concluding that the certificate of merit did not provide a factual basis for that cause of action. *Id*.

Levinson filed a petition for review arguing for dismissal of El Pistolón's negligence claim. The Texas Supreme Court granted review and held that the negligence claim must be dismissed because there was nothing in the record showing that the certificate-of-merit affiant was qualified pursuant to § 152.002. *Levinson Alcoser Assocs., L.P. v. El Pistolón II*, *Ltd*. (*El Pistolón II*), 513 S.W.3d 487, 494 (Tex. 2017). Accordingly, the supreme court reversed our decision and remanded the case to the trial court to determine whether El Pistolón's suit should be dismissed with or without prejudice. *Id*. at 495; *see* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(e) (providing that a trial court's dismissal "may be with prejudice"); *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n*, 390 S.W.3d 299, 301 (Tex. 2013) (per curiam) (recognizing that the trial court has discretion to determine the nature of dismissal pursuant to §150.005(e)). After denying El Pistolón's motion for rehearing, the supreme court issued its mandate on April 21, 2017.

On remand, Levinson filed a motion arguing that the trial court should dismiss El Pistolón's suit with prejudice. El Pistolón responded in opposition. After holding two

3

hearings, the trial court dismissed the case without prejudice on May 29, 2018.

## B.     The Present Suit

El Pistolón filed the present lawsuit on May 24, 2018.[1] In its petition, El Pistolón alleged the same material allegations, but it filed a revised certificate of merit. El Pistolón also alleged that the applicable statute of limitations for its claims were tolled during the pendency of its second suit and subsequent appeal "under the doctrine of equitable tolling and other similar principles." Levinson filed an answer asserting the affirmative defense of limitations, and it later moved for traditional summary judgment on that defense.

In its summary judgment motion, Levinson assumed an accrual date of June 7, 2010, the date El Pistolón filed its first lawsuit. Levinson argued that both the two-year and four-year limitations periods had expired when El Pistolón filed the present suit almost eight years later. Levinson further maintained that the pendency of the second lawsuit did not toll the limitations period for either claim because a dismissal without prejudice does not extend the limitations period and El Pistolón's claim for equitable tolling failed as a matter of law. Levinson supported its summary judgment motion with the following evidence: (1) excerpts from the record of the first two suits; (2) our opinion in *El Pistolón I*; (3) the Texas Supreme Court's opinion in *El Pistolón II*, El Pistolón's motion for rehearing, the court's denial of the motion, and the court's mandate; and (4) the affidavit of Levinson's counsel.

El Pistolón filed a response to the motion for summary judgment. Relying principally on the same evidence, El Pistolón argued that its third suit was timely filed

---

[1] The record indicates that the trial court expressed its intention to dismiss the second lawsuit without prejudice at a May 24, 2018 hearing. However, it did not sign the dismissal order until May 29, 2018.

4

because it had maintained an active lawsuit since filing the first suit. It further argued that the equitable tolling doctrine served to toll the limitations period during the pendency of the second suit.

Following a hearing, the trial court signed an order granting Levinson's motion for summary judgment and dismissing El Pistolón's suit. This appeal followed.

## II. DISCUSSION

### A. Standard of Review & Applicable Law

We review a trial court's grant of summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, ___ S.W.3d ___, __, No. 18-0983, 2021 WL 1045723, at *4 (Tex. Mar. 19, 2021); *Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013). In a traditional motion for summary judgment, the moving party must show that no genuine dispute exists as to any material fact such that the party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *see Eagle Oil*, 2021 WL 1045723, at *4. A defendant may obtain summary judgment by conclusively establishing an affirmative defense. *Eagle Oil*, 2021 WL 1045723, at *4; *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). If a defendant meets this burden, then the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 302 (Tex. App.—Houston [14th Dist.] 2017, no pet.); *Jones v. Ray Ins. Agency*, 59 S.W.3d 739, 744 (Tex. App.—Corpus Christi–Edinburg 2001, no pet.). We review the summary judgment record in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the motion. *Eagle Oil*, 2021 WL 1045723, at *4; *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 756 (Tex. 2007) (per curiam).

5

"Limitations is an affirmative defense that must be pleaded and proven." *Epps v. Fowler*, 351 S.W.3d 862, 869 n.8 (Tex. 2011). A defendant seeking summary judgment based on limitations must (1) conclusively establish when the cause of action accrued and (2) negate the applicability of any tolling or suspension of the limitations period raised by the non-movant. *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999); *Markwardt v. Tex. Indus., Inc.*, 325 S.W.3d 876, 882 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *see Eagle Oil*, 2021 WL 1045723, at *6.

## B.    Equitable Tolling

We note that Levinson's motion for summary judgment relied entirely on the absence of tolling. *See Vertex Servs., LLC v. Oceanwide Hous., Inc.*, 583 S.W.3d 841, 852 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (explaining that a summary judgment motion must stand or fall on the grounds expressly presented in the motion). Assuming June 7, 2010, as the latest possible accrual date, Levinson argued in the trial court that El Pistolón's breach of contract and negligence claims must have been filed within four years and two years of that date, respectively. El Pistolón argues on appeal that Levinson failed to carry its burden to negate the application of equitable tolling. Specifically, El Pistolón maintains that the limitations periods were tolled during the pendency of the prior appeal.

Equitable tolling is a judicially created doctrine that excuses the failure to timely file a lawsuit when the plaintiff could not have discovered all of the information needed to file suit despite its exercise of reasonable diligence. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 311 (Tex. 2010) (orig. proceeding). Stated otherwise, equitable tolling may

6

delay accrual of a cause of action where a claimant actively pursued his judicial remedies but filed a defective pleading during the statutory period. *Bailey v. Gardner*, 154 S.W.3d 917, 920 (Tex. App.—Dallas 2005, no pet.); *Czerwinski v. Univ. of Tex. Health Sci. Ctr. at Hous. Sch. of Nursing*, 116 S.W.3d 119, 122–23 (Tex. App.–Houston [14th Dist.] 2002, pet. denied); *see also Harrell v. S.P. Dairy Ashford*, No. 01-15-00865-CV, 2017 WL 1149683, at *3 (Tex. App.—Houston [1st Dist.] Mar. 28, 2017, no pet.) (mem. op.).

The Texas Supreme Court has extended equitable tolling to situations where a plaintiff is prevented from exercising a legal remedy by the pendency of legal proceedings. *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991) (quoting *Walker v. Hanes*, 570 S.W.2d 534, 540 (Tex. App.—Corpus Christi–Edinburg 1978, writ ref'd n.r.e.)). In *Hughes*, the court discussed this principle in the context of legal malpractice claims. *Id*. The court explained that tolling is "appropriate when a client's cause of action for malpractice arises during the attorney's prosecution or defense of a claim which results in litigation." *Id*. It held that "[l]imitations are tolled for the second cause of action because the viability of the second cause of action depends on the outcome of the first." *Id*. *Hughes* is generally cited in the context of legal malpractice claims. However, in discussing the tolling principle, *Hughes* relied on decisions which addressed very disparate scenarios:

> Where "a person is prevented from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus prevented should not be counted against him in determining whether limitations have barred his right." [*Walker*, 570 S.W.2d at 540] (limitations tolled while prior submission of same case was being appealed); *Cavitt v. Amsler*, 242 S.W. 246, 249 (Tex. App.—Austin 1922, writ dism'd) (limitations on suit for dividends tolled while suit to determine ownership of stock was being appealed); *Pease v. State*, 228 S.W. 269, 270–71 (Tex. App.—El Paso

7

1921, writ ref'd) (plaintiff's cause of action in suit for salary did not accrue until final decision in quo warranto proceeding that defendant was not entitled to job); *Fields v. Austin*, 30 S.W. 386, 387 (Tex. App.1895, writ ref'd) (cause of action for rent did not accrue until appeals exhausted on suit to determine title to land).

*Id*.

Two of our sister courts have referred to the equitable tolling principle discussed in *Hughes* as the "legal impediment" rule, a label we adopt here. *See Hunt Steed v. Steed*, 908 S.W.2d 581, 585 (Tex. App.—Fort Worth 1995, writ denied) (using the phrase "legal impediment"); *Merry Homes, Inc. v. Luc Dao*, No. 14-16-00724-CV, 2017 WL 4159206, at *5 (Tex. App.—Houston [14th Dist.] Sept. 19, 2017, no pet.) (mem. op.) (referring to "legal impediment" principle); *see also Dynamic Prod., Inc. v. CIMA Energy Ltd*., No. 4:17-CV-01032, 2018 WL 1801193, at *12 (S.D. Tex. Feb. 21, 2018), *report and recommendation adopted*, No. 4:17-CV-1032, 2018 WL 1870554 (S.D. Tex. Apr. 19, 2018) (citing Texas authority in explaining that "Texas courts have crafted an equitable rule to protect a party who is prevented from exercising his rights because of a judicial impediment"). Another sister court described the policy behind the legal impediment rule as follows:

> [C]ourts will not require a party to do a useless, burdensome, or duplicative act that ties up both litigant and court time unnecessarily, either without a chance of final resolution (until the underlying suit is resolved) or creating the possibility of conflicting results if two different suits were filed.

*Rogers v. Ricane Enters., Inc*., 930 S.W.2d 157, 167 (Tex. App.—Amarillo 1996, writ denied); *see* 50 Tex. Jur. 3d LIMITATION OF ACTIONS § 122 (2021).

Importantly, the legal impediment rule is not strictly limited to distinct legal proceedings. In *Walker*, the case on which the *Hughes* court principally relied, separate

requests to probate competing wills were filed by interested parties within the period of limitations. 570 S.W.2d at 536. The probate court denied probate of the second will and confirmed probate of the first. *Id*. Walker, the proponent of the second will, appealed by writ of certiorari to a district court. *Id*. The district court dismissed the writ for want of jurisdiction before Walker obtained service on all necessary parties. *Id*. On appeal, this Court reversed the district court's decision and remanded the case for trial on the merits of the writ. *Id*. On remand, however, the district court granted summary judgment against Walker because Walker failed to serve the necessary parties within the period of limitations. *Id*. at 537.

In the second appeal, this Court held that the dismissal of the writ constituted a legal impediment to obtaining service of process on the parties cited in the writ proceeding. *Id*. at 540. Therefore, we concluded that the limitations period for serving the will beneficiaries was tolled during the pendency of the first appeal. *Id*. In reaching this conclusion, we cited *Orndorff v. State*, which states: "An appeal from the judgment of a [d]istrict [c]ourt, is a continuance of the action. The judgment becomes final only when the appellate court renders its judgment in the cause. Limitation does not run against a judgment during the pendency of an appeal therefrom[.]" 108 S.W.2d 206, 211 (Tex. App.—El Paso 1937, writ ref'd); *see also Onyeanu v. Guaranteed Builders, Inc.*, No. 01-97-00238-CV, 1998 WL 136090, at *3 (Tex. App.—Houston [1st Dist.] Mar. 12, 1998, no pet.) (op., not designated for publication) (tolling the statute of limitations during the pendency of an appeal from a trial court's order dismissing an action for want of prosecution).

9

Here, the certificate-of-merit statute permits an interlocutory appeal from the trial court's denial of a motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 150.002(f). In the event that an appellate court reverses the decision, the trial court retains discretion on remand to determine whether the mandated dismissal should be with or without prejudice. *See id*. § 150.002(e); *Starwood*, 390 S.W.3d at 301. Where the trial court denies a motion to dismiss, the viability of a subsequently filed suit necessarily depends on the outcome of the appeal in two respects—whether the appellate court will reverse the trial court's decision, and, if so, whether the trial court will dismiss the case without prejudice on remand.[2] In the present case, Levinson's appeal operated as an impediment to El Pistolón filing a subsequent suit, as the viability or necessity of a second suit was dependent on the outcome of Levinson's appeal.

The underlying policy concerns for applying the legal impediment rule are squarely represented here. To require El Pistolón to file a successive lawsuit following a favorable trial court ruling would result in a potentially "useless, burdensome, or duplicative act," be judicially inefficient, and "create[] the possibility of conflicting results if two different suits were filed." *See Rogers*, 930 S.W.2d at 167. Further, the absence of tolling would create an arbitrary distinction between plaintiffs whose cases are immediately dismissed without prejudice and those who successfully defend a motion to dismiss in the trial court but not on appeal. The first class of plaintiffs would typically be able to refile their suit immediately within the statute of limitations. However, the second class would often be denied that

---

[2] A dismissal with prejudice operates as res judicata to bar the dismissed claims. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 865–66 (Tex. 2010). However, a dismissal without prejudice permits a plaintiff to refile the same claims in an entirely new cause. *Cruz v. Morris*, 877 S.W.2d 45, 47 (Tex. App.—Houston [14th Dist.] 1994, no writ).

opportunity for the simple reason that the appellate process delayed the final adjudication of the issue.[3]

For the foregoing reasons, we conclude that the legal impediment rule applies to the narrow circumstances presented in this case and that the applicable limitations periods were tolled during the pendency of the appeal in the second suit through the date of the trial court's order of dismissal without prejudice.[4] *Cf. Drake v. Walker*, 529 S.W.3d 516, 526–27 (Tex. App.—Dallas 2017, no pet.) (concluding, in the context of a health care liability claim, that the statutory deadline for the plaintiff to serve an expert report against a dentist was tolled during the pendency of an appeal from the trial court's granting of a motion to dismiss). Because Levinson relied solely on the absence of tolling in its motion for summary judgment, it failed to establish its limitation defense as a matter of law, and the trial court erred in granting summary judgment. *See Eagle Oil*, 2021 WL 1045723, at *4; *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). We sustain El Pistolón's sole issue.

---

[3] We note that the certificate-of-merit statute provides that: "This statute shall not be construed to extend any applicable period of limitation or repose." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(g). We do not believe this provision forecloses our consideration of equitable tolling principles. *Cf. Asplundh Tree Expert Co. v. Abshire*, 517 S.W.3d 320, 336 (Tex. App.—Austin 2017, no pet.) (concluding that the statutory language contained in Chapter 16 of the Texas Civil Practice and Remedies Code did not preclude consideration of equitable tolling); *see also Young v. United States*, 535 U.S. 43, 49 (2002) (explaining that "[i]t is hornbook law that limitations periods are customarily subject to equitable tolling, unless tolling would be inconsistent with the text of the relevant statute" (internal citations and quotation marks omitted)). Our application of equitable tolling in this case is not inconsistent with the language of the applicable statutes of limitations and does not require that we read a tolling provision into the certificate-of-merit statute.

[4] Levinson is correct that a dismissal without prejudice does not toll the limitations period. *Aguilar v. Morales*, 545 S.W.3d 670, 677–78 (Tex. App.—El Paso 2017, pet. denied). However, our application of the legal impediment rule does not turn on the fact the suit was dismissed without prejudice. Rather, the operative facts are the opposing party's interlocutory appeal of a favorable trial court ruling coupled with the trial court's yet unexercised discretion to determine the nature of the dismissal on remand.

### III.    CONCLUSION

We reverse the trial court's judgment and remand the case for further proceedings consistent with this opinion.

LETICIA HINOJOSA
Justice

Delivered and filed on the
13th day of May, 2021.